UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-80519-JIC/WM

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

     Plaintiff,

vs.

JOHN DOE subscriber assigned IP address
73.56.52.16, an individual,

     Defendant.

_____/

FILED BY_____KJZ_____D.C.

Apr 16, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

THIS CAUSE is before the Court on Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference [DE 10] which was referred to the undersigned by the Honorable Senior United States District Judge James I. Cohn. The Court having considered the Motion and supporting documentation [DE 7-1, DE 7-2, DE 7-3], and being otherwise sufficiently advised, it is hereby ORDERED that the Motion is GRANTED.

Plaintiff brings this action for copyright infringement against Defendant John Doe subscriber assigned IP address 73.56.52.16. According to Plaintiff, the John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works. More specifically, Plaintiff contends that Defendant has used a file distribution network to commit direct copyright infringement. Because Defendant used the internet, Plaintiff only knows Defendant by Defendant's Internet Protocol ("IP") address (assigned to Defendant by Defendant's Internet Service Provider ("ISP")).

Plaintiff alleges that the ISP can identify the Defendant, and that the ISP only maintains the internal logs of the requested information for a brief period of time, which will provide Defendant's identity and Defendant's role in the infringement. Plaintiff further alleges that Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind"), an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that Defendant's IP address traced to a physical address in this District.

Plaintiff now moves the Court for leave to serve expedited, but limited discovery on the John Doe Defendant's Internet Service Provider, Comcast, (hereafter "ISP"), so that Plaintiff may learn Defendant's true identity.[1] Pursuant to Federal Rule of Civil Procedure 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference absent a court order.

In determining whether to permit early discovery, courts generally apply a good cause standard. *See, e.g., Malibu Media, LLC v. John Doe*, 2013 WL 2154818, at *1 (M.D. Fla. May 17, 2013); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008); *Patrick Collins v. Does, 1-1219*, 2010 WL 5422569, at *2 (N.D. Cal. Dec. 28, 2001). "In internet infringement actions, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference.

---

[1]  "As a general rule, discovery proceedings take place only after the defendant has been served; however, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (recognizing that "[s]ervice of process can pose a special dilemma for plaintiffs in cases . . . [where] the tortious activity occurred entirely online.").

*Malibu Media*, 2013 WL 2154818, at *1. Courts have also considered whether the defendant's expectation of privacy outweighs the need for the requested discovery. *See Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008).

Considering the above-listed factors, this Court concludes that good cause exists for the expedited discovery sought by Plaintiff.  Plaintiff has established a prima facie claim of copyright infringement (which requires ownership of a valid copyright, and copying of constituent elements of the work that are original). In addition, it appears that Plaintiff only has Defendant's IP address and lacks any other means of ascertaining Defendant's identity.  From the IP address, the ISP can access the identifying information of the subscriber, as well as the date and time of the alleged infringing activity. Finally, the Court finds that Plaintiff's interest in ascertaining Defendant John Doe's true identity so that it may prosecute its copyright claim outweighs any privacy interest Defendant may possess. *See Call of the Wild Movie LLC v. Does* 1-1062, 2011 WL 996786, at *12 (D.D.C. Mar. 22, 2011).

The Court pauses to note that at this stage of litigation, and for purposes of this motion only, it is satisfied that venue is proper in this district. The Court has previously found that the Maxmind geolocation technology used here to pinpoint the subject IP address to the Southern District of Florida is reliable. *See Manny Film, LLC v. Doe*, 2015 WL 2411201 (S.D.Fla. May 20, 2015). Accordingly, it is hereby ORDERED as follows:

1.  Plaintiff may serve a subpoena (in compliance with Federal Rule of Civil Procedure 45) on the relevant Internet Service Provider ("ISP") commanding production (to Plaintiff) of the true name and address of the individual or entity  to whom the ISP assigned the IP address set forth in the Complaint. Plaintiff shall attach a copy of this Order to any such subpoena.

2.  Plaintiff may also serve, pursuant to the Federal Rules of Civil Procedure, a subpoena in the

same manner as above on any service provider that is identified in response to the subpoena as a provider of internet services to Defendant.

3.  If the ISP qualifies as a "cable operator," as defined by 47 U.S.C. § 522(5), it shall then comply with 47 U.S.C. § 551(c)(2)(B), by sending a copy of this Order to Defendant.

4.  Any information and documents received by Plaintiff pursuant to the subpoena shall remain confidential and shall only be used for purposes of this litigation, and shall be handled and utilized by Plaintiff and its counsel in a professional and ethical manner.

DONE and ORDERED in Chambers at West Palm Beach, Florida, in the Southern District of Florida, this 16th day of April 2021.

*William Matthewman*

WILLIAM MATTHEWMAN
United States Magistrate Judge